**MEMORANDUM ENDORSEMENT**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  08/27/2020
```

In re: DCMA Subpoena to YouTube (Google Inc.)

18-mc-268 (NSR)

The Court reviewed the attached pre-motion letter from YouTube user John Doe seeking to file a motion (1) to quash the Subpoena, (2) for leave to proceed pseudonymously, and (3) to extend the time to move, dated August 22, 2018 (ECF No. 6).  The Court has also reviewed the letter response from Watch Tower Bible and Tract Society of Pennsylvania ("Watch Tower"), dated August 27, 2018 (ECF No. 7.)

The Court waives the pre-motion conference requirement and grants John Doe leave to file the motion with the following briefing schedule: moving papers are to be served (**not filed**) on September 28, 2020; Watch Tower's opposition is to be served (**not filed**) on October 13, 2020; John Doe's reply shall be served on October 20, 2020.

All motion documents shall be filed on the reply date, October 20, 2020.  The parties shall provide two copies of their respective documents to chambers as the documents are served.  As long as Judge Román's Emergency Rules remain in place, copies shall be delivered to chambers in electronic form.

The Clerk of the Court is respectfully directed to terminate the motions at ECF Nos. 6 and 7.

    Dated:  August 27, 2020
             White Plains, NY

    SO ORDERED.

    _____
    Nelson S. Román, U.S.D.J.



NEW YORK OFFICE
100 wall street
twentieth floor
new york, new york 10005-3708
TEL 212 431 8700 FAX 212 334 1278

OTHER OFFICES
seattle, washington
portland, oregon
washington, d.c.
beijing, china
GSBLAW.COM

### GARVEY SCHUBERT BARER

A PROFESSIONAL SERVICE CORPORATION

*Please reply to* MALCOLM SEYMOUR
+1 (212) 965-4533
mseymour@gsblaw.com

August 22, 2018

**VIA ECF AND FACSIMILE**

Hon. Nelson S. Román, U.S.D.J.
United State District Court
Southern District of New York
United States Courthouse
300 Quarropas Street, Courtroom 218
White Plains, NY 10601

  Re: *In re: DMCA Section 512(h) Subpoena to YouTube (Google Inc.)*,
     Case No. 7:18-mc-00268-NSR
     Pre-Motion Letter

Your Honor:

This firm represents YouTube user John Doe (the "User")[1] in connection with the above-referenced matter, concerning compliance with a subpoena (the "Subpoena") that demands disclosure of the User's personal information.

We respectfully submit this letter pursuant to Rule 3(A)(ii) of Your Honor's Individual Rules and Practices in Civil Cases, to request a pre-motion conference in connection with the User's omnibus motion (the "Motion"): **(1)** to quash the Subpoena pursuant to Fed. R. Civ. P. 45(d)(3) and Section 512(h) of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512(h); **(2)** for leave to proceed pseudonymously in this action; and **(3)** for relief pursuant to Fed. R. Civ. P. 6(b)(1)(B) and 45, extending the User's time to move under Rule 45 on grounds of excusable neglect. This letter details the User's grounds for each branch of the Motion.

  **(1)** **Motion to Quash**

The Subpoena is a S.L.A.P.P. tactic, aimed at suppressing public criticism of the Jehovah's Witnesses ("JW") through retaliatory legal action.[2] The User's allegedly infringing video (the "User Video")

---

[1] YouTube, owned by Google, Inc., is a website that permits users to self-publish video content. The User publishes video content on YouTube under the alias "kevin McFree."
[2] The Subpoena was requested by Watch Tower Bible and Tract Society of Pennsylvania ("Watchtower"), the organization that administers and coordinates the preaching and proselytizing efforts of JW.

...



GARVEY SCHUBERT BARER

August 22, 2018
Page 2

makes fair use of excerpts from a JW video (the "JW Video"), for the protected purpose of providing satirical, social and political commentary on a tax-exempt religious organization. The User has a First Amendment right to make such speech anonymously, without fear of reprisal.

The Subpoena does not earnestly seek to defend JW's copyright in the JW Video. Its purpose is to dox a JW dissident and "apostate" through misuse of the DMCA mechanism. An acknowledged practice within JW is the "disfellowshipping" of Witnesses who become critical of the religion and its teachings. Disfellowshipped members are shunned by other Witnesses, including friends and family members, under a policy of "strict avoidance." The User is a lapsed Witness who has not been formally disfellowshipped. He maintains friend and family relations within the religion, but these relationships will be permanently lost if his identity becomes known and he is officially excommunicated.

The User obtained the allegedly infringing footage through another YouTube user (the "Source") who leaked the JW Video prior to its official release on the JW website. The Source is a disfellowshipped Witness whose identity is already known to JW. The Source's video reproduces much longer segments of the JW Video, interspersed with critical commentary. The Source's video remains available on YouTube, though the User Video has been taken down. Upon information and belief, JW has not issued a DMCA takedown notice for the Source's video because JW already knows the Source's identity.

JW is a proselytizing religion that freely encourages its adherents to distribute and disseminate JW literature and films, including the JW Video. The JW Video is freely available for viewing and download on the JW website, with no advisory against its redistribution or the creation of derivative works. The video has been reposted and made available for re-download, without attribution of authorship, on a number of blogs and websites friendly to JW. The law does not permit selective enforcement. JW's acquiescence in infringement by ideological allies amounts to a waiver of its copyright. JW cannot invoke federal copyright law to silence viewpoints and control its narrative by punishing only those infringers with whom it disagrees.

### (2)   Leave to Proceed Pseudonymously

The Subpoena seeks the User's identifying information, including "the name(s), address(es), telephone number(s) [and] any electronic mail addresses associated with" his User account. The Motion aims to prevent this disclosure, guard the User's First Amendment rights, and avoid irreversible destruction of the User's personal relationships.

The purpose of the Motion would be forfeit if User were forced to divulge his name and identifying information in these proceedings. Without leave to proceed under a pseudonym, the User's Motion would be rendered moot by virtue of its own filing.

Because of the unique nature of these proceedings, which pivot on the disclosure of the User's identity, leave should be granted for the User to file his Motion pseudonymously.

### (3)   Extension of Time

Fed. R. Civ. P. 45(d)(3) requires that a motion to quash be "timely," meaning it is filed before the return date of the subpoena to which it corresponds. The Subpoena contested by the User's Motion was returnable on July 15, 2018. But where a motion appears facially sound and the movant has acted in

GSB:9645154.1



August 22, 2018
Page 3

good faith, "the failure to act timely will not bar the consideration of objections." *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y. 1996). Moreover, the Court has discretion to extend the User's time to object under Rule 6(b)(1)(B). Good cause exists for doing so here. Pursuant to Rule 1(E) of Your Honor's Individual Rules and Practices in Civil Cases, User has made no previous requests for an extension of time.

The User is legally unsophisticated and was not the original recipient of the Subpoena, which was addressed to YouTube. YouTube's legal department emailed the User on or about July 10, 2018, five days before the Subpoena's return date, stating that it would comply with the Subpoena unless it received a file-stamped motion to quash "or other type of formal objection before July 20, 2018." The User responded by email one day later (July 11, 2018) to state and explain his objections, believing that he had complied with YouTube's instructions.

YouTube replied on July 24, 2018, advising the User that his email was not a "formal objection," and that he would need to provide a file-stamped copy of a motion or other court submission. YouTube stated that it would provide the User additional time to comply with its instructions. The User replied the same day, July 24, 2018, to indicate that he did not have the means to file a motion to quash. YouTube responded on August 7, 2018 with the name of potential *pro bono* counsel at the Electronic Frontier Foundation ("EFF"). EFF placed inquiries through its referral network and located our firm. Following an introduction on August 10, 2018, the User engaged our firm on August 11, 2018. This letter follows less than two weeks later.

The User has at all times acted with good faith, diligence and haste. His lateness in raising this Motion is due to his unfamiliarity with legal procedures, YouTube's turnaround in responding to his inquiries, and time incurred in his search for *pro bono* counsel. If this can be called neglect, it is certainly "excusable neglect" within the meaning of Rule 6(b).

JW will suffer no meaningful prejudice if the User's objections are considered. JW has filed no motion to compel and has not pursued enforcement of the Subpoena with urgency. The User Video has been taken down by YouTube, the Source video remains freely available for viewing, and the JW Video has been pirated and redistributed for download across various Witnesses' websites. If JW even has a copyright left to protect, it has no pressing need for the User's identifying information. The User, on the other hand, will suffer irreparable loss of his constitutional rights and closest relationships if his Motion cannot be heard. Accordingly, the User respectfully requests that the Court extend his time to move, permit him to proceed pseudonymously, and quash or modify the Subpoena to protect his anonymity.

                Very truly yours,

                GARVEY SCHUBERT BARER. P.C.

                By: _____
                        Malcolm Seymour, Esq.

cc: Paul Polidoro, Esq. (via ECF)

GSB:9645154.1

# WATCH TOWER

Bible and Tract Society of Pennsylvania
Legal Department
100 Watchtower Drive, Patterson, NY 12563 9204, U.S.A.
Phone: (845) 306 1000   Fax: (845) 306 0709

August 27, 2018

**VIA ECF AND FACSIMILE**
Hon. Nelson S. Roman, U.S.D.J.
United State District Court
Southern District of New York
United States Courthouse
300 Quarropas Street, Courtroom 218
White Plains, NY 10601

Re: In re: DMCA Section 512(h) Subpoena to YouTube (Google Inc.), Case No. 7:18-mc-00268-NSR Pre-Motion Letter

Dear Judge Roman:

We represent the interests of Watch Tower Bible and Tract Society of Pennsylvania ("Watch Tower") User's Motion to Quash the above referenced Subpoena. We respectfully oppose the Motion.

(1) <u>Motion to Quash</u>

The User does not dispute that Watch Tower had a sufficient legal basis to obtain the Subpoena. Rather, he or she contests that the legal entity does not seek to defend its copyrights. This is incorrect.

On June 6, 2018, Watch Tower notified YouTube (Google) that its copyright was being infringed by the dissemination of materials that were unpublished and thus not currently available to the public. Thereafter, on June 19, 2018, this Court granted Watch Tower's request for a subpoena in order to identify the alleged infringer. Watch Tower seeks to defend its copyright.

To defeat the clear intent of the intent of the law protecting copyright holders, the User tries to turn this matter into a religious dispute and asks this Court to shield him or her from the consequences of the actions taken. However, this Subpoena is not geared to suppress public criticism. The User has the legal right to criticize. However, there is no legal right to infringe Watch Tower's intellectual property.

Despite the fact that the User freely admits that the footage in question was posted online "prior to its official release on the JW website," he or she seeks immunization for this infringement and by extension further infringements because of the threat of religious repercussions. Further, the User participated in the obliteration of Watch Tower's right of first publication.

Hon. Nelson S. Roman, U.S.D.J.
Re: Case No. 7:18-mc-00268-NSR Pre-Motion Letter
August 27, 2018
Page 2

User makes a number of erroneous assertions in attempting to convince this Court to Quash the Subpoena:

- Watch Tower owns the copyright over the materials in question, it does not "administers and coordinates the preaching and proselytizing efforts of JW" (User letter footnote 2)

- Disfellowshipping does not cause family relationships to be permanently lost: "The religious ties he had with his family change, but blood ties remain. The marriage relationship and normal family affections and dealings continue." (www.jw.org site Do Jehovah's Witnesses Shun Former Members of Their Religion?")

- Websites used by Jehovah's Witnesses do include Terms of Use which include the prohibition against posting "videos…from this website on the Internet (any website, file-sharing site, video-sharing site, or social network)." (websites of Jehovah's Witnesses Terms of Use , eg. See www.tv.jw.org).

- Watch Tower does have the right to decide which copyrights it chooses to enforce. "It is hardly incumbent on copyright owners, however, to challenge, each and every actionable infringement." *Petrella v. MGM*, 134 S.Ct. 1962, 1976 (2014)

2) Leave to Proceed Pseudonymously

User's request to proceed pseudonymously prevents any copyright enforcement, including litigation. Watch Tower cannot send a cease and desist letter or issue service of process absent the individual's name. Further, it effectively immunizes User from all future copyright infringements and it could serve as a basis for others to similarly thwart the plain intent of the DMCA process by contending that they too have fear of reprisal.

3) Extension of Time

User contends that Watch Tower has not pursued enforcement of the Subpoena with urgency. This is not accurate. On July 26, 2018, the undersigned wrote Google requesting expeditious compliance with the Subpoena.

Further, despite being aware that the Subpoena's return date was July 15, 2018, User does not explain why its law firm took almost two weeks to address the non-compliance.

Hon. Nelson S. Roman, U.S.D.J.
Re: Case No. 7:18-mc-00268-NSR Pre-Motion Letter
August 27, 2018
Page 3

  Accordingly, Watch Tower respectfully requests that the Court deny the User's Motion to Quash.

              Sincerely,

              *Paul D. Polidoro*

              Paul D. Polidoro
              Associate General Counsel

c: Malcom Seymour, Esq. (via ECF)