UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

DMCA Section 512(h) Subpoena to
YOUTUBE (GOOGLE, INC.)

Case No. 7:18-mc-00268 (NSR)

# DECLARATION OF MALCOLM SEYMOUR IN SUPPORT OF
# MOTION TO QUASH SUBPOENA AND PROCEED ANONYMOUSLY

I, Malcolm Seymour, under penalty of perjury declare as follows:

1. I am a principal with the law firm of Foster Garvey and counsel in this action to the anonymous John Doe movant ("Movant").

2. I respectfully submit this declaration in support of Movant's motion (the "Motion") (1) to quash the subpoena (the "Subpoena")[1] issued by order of the Court dated June 19, 2018[2] and (2) in the alternative, for leave to proceed anonymously.

3. This declaration is submitted to collect and attach documents relevant to the Motion, and in lieu of a signed declaration by the Movant, who wishes to protect his identity by remaining anonymous. Where statements in my declaration are based on the Movant's personal knowledge rather than my own, I have so indicated.

4. The Subpoena in this action was issued upon motion of the Watch Tower Bible and Tract Society of Pennsylvania ("Watchtower"), a tax-exempt religious organization that coordinates the preaching and proselytizing efforts of the Jehovah's Witnesses ("JW").[3]

---

[1] The Subpoena was issued substantially in the form proposed by Petitioner at the commencement of this action. *See* Doc. No. 1-1.

[2] *See* Doc. No. 4.

[3] Watchtower has disputed that it "coordinates the preaching and proselytizing efforts" of the JW (*see* Doc. No. 7, p. 2), but this characterization is consistent with publicly available descriptions of the organization. The Wikipedia entry for Watchtower characterizes the group as "the main legal entity used worldwide by Jehovah's Witnesses to

FG:11171865.1

5. The Subpoena is addressed to YouTube (Google, Inc.) ("YouTube"), a website that hosts user-created video content. The Subpoena requests disclosure of various articles of identifying information, including the legal name, email address, contact information and IP address(es) of YouTube user "kevin McFree."

6. The Movant has confirmed to me that he is the natural person who owns and publishes content under the pseudonymous YouTube account "kevin McFree" (the "Account").[4] The Subpoena seeks disclosure of the Movant's identifying information.

7. Movant represents that he is a lapsed Jehovah's Witnesses who uses his pseudonymous Account to express views critical of the church.

8. Most of the videos posted to the Account are stop-frame Lego animations set in a fictitious locale called Dubtown (short for "J-Dubtown"). These videos feature comical voiceover that satirizes and criticizes the practices of the Jehovah's Witnesses.

9. The allegedly infringing video that prompted the Subpoena at issue in this case (the "User Video") was uploaded to the Account on May 18, 2018 under the title "DUBTOWN – Family Worship July Broadcast."[5]

---

direct, administer and disseminate doctrines for the group . . . often referred to by members of the denomination simply as 'the Society.'" Wikipedia, "Watch Tower Bible and Tract Association of Pennsylvania," annexed as "**Exhibit 1**," *available at* https://en.wikipedia.org/wiki/Watch_Tower_Bible_and_Tract_Society_of_Pennsylvania (last visited September 12, 2020). In any event, the nature of Watchtower's work is not germane to the merits of the Motion.

[4] If necessary, Movant is willing to provide personal identifying information and confirmation of his ownership of the Account for the Court's *in camera* review. The Account remains operative and hosts several dozen videos themed around the Jehovah's Witnesses, *available at* https://www.youtube.com/c/kevinMcFree/featured (last visited September 12, 2020).

[5] As stated on the face of the Subpoena, the User Video was originally available at the URL https://www.youtube.com/watch?v=LNdo_flz-7o. That page now states that the User Video "is no longer available due to a copyright claim" by Watchtower, as visible from the screen capture attached as "**Exhibit 2**," *available at* https://www.youtube.com/watch?v=LNdo_flz-7o (last visited September 12, 2020).

*The User Video*

10.     The User Video was removed from YouTube on or around June 11, 2018 in response to a DMCA takedown notice from Watchtower.[6]

11.     The User Video excerpted roughly seven minutes and 35 seconds of footage from a Watchtower video titled "JW Broadcasting – July 2018" (the "JW Video"), interspersing the original footage with critical and satirical commentary.[7] Movant confirms that the User Video was not sold for commercial use or monetized for ad revenue.[8]

12.     The JW Video is more than 53 minutes long. The User Video excerpted less than 15 percent of the total footage contained the JW Video.

13.     While the JW Video was not published on Watchtower's website until July, 2018, the JW Video footage contained in the User Video had already been shared to YouTube by the user "John Cedars" on April 4, 2018 (the "Cedars Video").[9] Movant obtained the JW Video footage featured in the User Video from the Cedars Video.

---

[6] For purposes of facilitating the Court's review of this Motion, undersigned counsel has re-uploaded the User Video as "**Exhibit 11**" for limited download by the Court and Petitioner from counsel's access-restricted fileshare, *available at* https://fostergarvey.sharefile.com/f/fof18f57-dd8e-4d82-8d86-f7902292045e (last visited September 28, 2020). Logins have been enabled for the email addresses of counsel of record for Watchtower (Kieran Doyle, Eric Shimanoff and Paul Polidoro) and for Your Honor's chambers (RomanNYSDChambers@nysd.uscourts.gov). Movant has transmitted the User Video via secure file transfer rather than portable media in accordance with the Court's Emergency Individual Rules and Practices in Light of COVID-19. *See* Doc. No. 13.

[7] *Available at* https://www.jw.org/en/library/videos/#en/mediaitems/StudioMonthlyPrograms/pub-jwb_201807_1_VIDEO (last visited September 12, 2020). A true and correct screen capture of this webpage as of the last visited date is attached as "**Exhibit 3**."

For purposes of facilitating the Court's review of this Motion, undersigned counsel has re-uploaded the User Video as "**Exhibit 12**" for limited download by the Court and Petitioner from counsel's access-restricted fileshare, *available at* https://fostergarvey.sharefile.com/f/fof18f57-dd8e-4d82-8d86-f7902292045e (last visited September 28, 2020).

[8] While Movant now monetizes all content on his channel (and receives advertising revenue for views of his videos), Movant confirms that he did not activate YouTube monetization on his channel until after the User Video had been removed.

[9] *Available at* https://www.youtube.com/watch?v=Jt4K8Frm6k0 (last visited September 12, 2020).

14. The Cedars Video, titled "My thoughts on JW Broadcasting 43 – July 2018 (with Mark Noumair)" is more than an hour and 45 minutes long. The Cedars Video incorporates most if not all of the footage from the JW Video, also interspersed with critical commentary.

15. To date, the Cedars Video has been viewed more than 47,000 times.[10] By comparison, the most popular video on the Account has amassed just over 17,000 views.[11]

16. Although the Cedars Video was published a month before the User Video, excerpts almost the entirety of the JW Video, and has been widely viewed, it remains available on YouTube in its original form.[12]

17. Upon information and belief, Watchtower has not requested to take down the Cedars Video, or asserted infringement claims against its creator, because Watchtower already knows the identity of YouTube user John Cedars, who discloses his true name on his YouTube channel.[13]

18. The JW Video is freely available for download and redistribution from the Watchtower's website, with no advisory against its republication or the creation of derivative works.[14] Watchtower does not make "commercial use" of the JW Video, and there is no commercial market for the JW Video.

---

[10] *See* Cedars Video, *available at* https://www.youtube.com/watch?v=Jt4K8Frm6k0 (last visited September 12, 2020). A true and correct screen capture of this webpage as of the last visited date is attached as "**Exhibit 4**."

[11] *See* kevin McFree, "The Six Degrees of Shunning s02e07," *available at* https://www.youtube.com/watch?v=CO_j2vUrBm0 (last visited September 12, 2020). A true and correct screen capture of this webpage as of the last visited date is attached as "**Exhibit 5**."

[12] *See* Cedars Video, *available at* https://www.youtube.com/watch?v=Jt4K8Frm6k0.

[13] *See,* The John Cedars Channel, "About," *available at* https://www.youtube.com/c/JohnCedars/about (last visited September 7, 2020). A true and correct screen capture of this webpage as of the last visited date is attached as "**Exhibit 6**."

[14] *See* Exh. 3 (screen capture of JW Video webpage, showing prominently featured "Download" and "Share" links). *See also* JW Video, Exh. 12.

*Movant's Need for Anonymity*

19.     The Motion seeks to prevent disclosure of Movant's personal information, among other reasons, because disclosure could expose Movant to retaliation by Watchtower and ostracization in his community.

20.     Movant is likely to prevail on his Motion to quash the Subpoena, and would suffer irreparable harm if forced to disclose his identifying information in these proceedings.

21.     The purpose of the Motion would be forfeit if Movant were forced to divulge his name and identifying information in order to assert and vindicate his rights in these proceedings.

22.     The User Video, before its removal from YouTube, satirized and criticized the church and the JW Video. The church deems expression of views contrary to JW doctrine to be a form of apostasy.

23.     Jehovah's Witnesses consider apostasy to be a serious sin that warrants "disfellowshipping." [15]  Movant represents that the church actively seeks to identify and excommunicate defectors through "apostasy hearings."

24.     Disfellowshipping is an acknowledged practice of Jehovah's Witnesses that requires the shunning and "strict avoidance" of excommunicated Witnesses by active adherents.[16] Even family members are encouraged to avoid and "keep contact to a minimum" with

---

[15] In a statement provided to the news media, Watchtower has confirmed that "[i]f a baptised Witness makes a practice of breaking the Bible's moral code, and does not give evidence of stopping the practice, he or she will be shunned or disfellowshipped."  Monica Soriano, BBC News, "The ex-Jehovah's Witnesses Shunned by Their Families," July 25, 2017 (*available at* https://www.bbc.com/news/uk-40704990) (last visited September 12, 2020). A true and correct copy of this article as of the last visited date is attached as "**Exhibit 7**," with the quote material at page 2.

[16] Watch Tower Bible and Tract Society of Pennsylvania, "How To Treat A Disfellowshipped Person," *available at* https://www.jw.org/en/publications/books/gods-love/disfellowshipped-person/ (last visited September 12, 2020).  A true and correct copy of this article as of the last visited date is attached as "**Exhibit 8**," with the quoted material at pp. 1-2.

disfellowshipped relatives who do not live in the same home.[17]

25. While Movant no longer practices as a Jehovah's Witness, he maintains significant friend and family ties within the religion. Movant has not been formally disfellowshipped from the church due to his anonymity.

26. Movant believes that Watchtower would use his personal information for purposes of doxing and disfellowshipping him.

27. Disfellowshipped Witnesses have described the process as traumatic and isolating.[18] Witnesses suffer the loss of their friends, family and community unless they repent by accepting the church's teachings.

28. Movant would suffer similar hardship and irreparable harm if forced to disclose his identity as a condition of seeking legal relief. Movant would be unable to communicate with any family member who does not live in his home. Movant's parents would be prohibited from speaking with him, upon penalty of disfellowshipping or loss of other status within church.

29. For the reasons set forth in the accompanying memorandum of law, Movant's Youtube video makes fair and transformative use of Watchtower publications to satirize and criticize the organization.

30. The User Video makes critical and transformative use of a small portion of the JW Video, and is not a potential replacement for the JW Video. Neither the User Video nor the JW Video was distributed for commercial use. Under established Second Circuit case law, the User Video did not constitute infringement, even if some excerpted footage was obtained without authorization.

---

[17] Id.

[18] *See* Exh. 7, p. 3 (anonymous Witness describing his excommunication as "a very isolating time" that made him suicidal).

*Watchtower's Doxing Campaign*

31. The DMCA subpoena mechanism may only be invoked to enforce rights conferred by federal copyright law. Federal copyright law does not give Watchtower the right to suppress criticism of its organization that makes fair use of its freely downloadable and distributable publications.

32. Upon information and belief, the Subpoena was not issued for the earnest purpose of vindicating Watchtower's copyright in the JW Video. Attached as **"Exhibit 9"** is a PACER Case Locator report listing all nationwide civil actions in which Watchtower has appeared as a party from January 1, 2015 to present.

33. Excluding the two results in which Watchtower appears as a Defendant, Watchtower has appeared as a Plaintiff, Petitioner or "ADR Provider" in 61 federal civil proceedings during this period. Virtually all of these were miscellaneous proceedings requesting issuance of DMCA subpoenas. Most were venued in the Southern District of New York.

34. While Watchtower has sought issuance of 60 DMCA subpoenas since 2017, it has to date commenced only one enforcement action, *Watch Tower Bible and Tract Society of Pennsylvania v. The Truth and Transparency Foundation et al*, Case No. 1:20-cv-03366-MKV (S.D.N.Y.) (the "TTF Action").

35. The Complaint in the TTF Action reveals that Watchtower identified the Defendants in that case without use of the DMCA subpoena mechanism. *See id.*, 1:20-cv-03366-MKV, Doc. No. 1, ¶¶ 13-15.

36. Accordingly, of the 60 DMCA subpoenas requested (and in most cases, obtained) by Watchtower since 2017, not one has culminated in a copyright enforcement action against an alleged infringer.

37.     After successfully obtaining three DMCA subpoenas from this Court in 2017,[19] Watchtower failed to pursue enforcement proceedings against any of the alleged infringers. The three-year statute of limitations applicable to those claims has now run. *See* 17 U.S.C. § 507(b).

38.     Watchtower's failure to take any subsequent action on any of these dozens of DMCA's subpoena belies its certification to this Court that the information sought by way of the Subpoena "will only be used for purposes of protecting Watch Tower's rights under title 17 U.S.C. §§ 100, *et seq.*"[20]

39.     Upon information and belief, Watchtower's aim in requesting this information is to identify and disfellowship apostate JWs, not to protect its rights under federal copyright law.

40.     The United States District Court for the Northern District of California recently granted a motion to quash a Watchtower DMCA subpoena similar to the Subpoena at issue here. *See In Re DMCA Subpoena to Reddit*, 441 F.Supp.3d 875 (N.D. Cal. 2020).

41.     The court in the *Reddit* case found that the anonymous movant therein had made fair use of Watchtower publications when he excerpted and posted images from Watchtower magazines to the online forum Reddit. *See id.* at 484. Holding that fair use of copyrighted material does not constitute infringement in the first instance, the *Reddit* court concluded that Watchtower was required to evaluate the issue of fair use <u>before sending a takedown notice for allegedly infringing content</u>. *See id.* at 886. The *Reddit* court concluded that Watchtower failed to satisfy this prerequisite, and granted quashal. *See id.* at 887.

---

[19] *See, e.g.*, *In re DMCA Subpoena to Google, Inc.*, Case No. 7:17-mc-00194-VB, Doc. No. 2 (S.D.N.Y. June 12, 2017); *In re DMCA Subpoena to Google, Inc.*, Case No. 7:17-mc-00195-VB, Doc. No. 2 (S.D.N.Y. June 12, 2017); *In re DMCA Subpoena to GoDaddy.com, LLC*, Case No. 7:17-mc-00217-KMK, Doc. No. 6 (S.D.N.Y. July 12, 2017).

[20] Doc. No. 1-2, p. 2, ¶ 4 (June 15, 2018 Declaration of Paul D. Polidoro).

42. Any copyright claim alleged against Movant by Watchtower in connection with the User Video would be unlikely to survive dismissal under Fed. R. Civ. P. 12(b)(6).

43. Even if the Court dies Movant's Motion to quash, Watchtower's low likelihood of success on any eventual copyright claim, coupled with the irreparable harm to Movant of unmasking himself in proceedings to defend against such a claim, warrants leave of the Court for Movant to appear anonymously in this and any subsequent proceedings.

44. Attached as "**Exhibit 10**" is Watchtower's brief as petitioner in the Supreme Court case of *Watch Tower Bible and Tract Society of Pennsylvania v. Village of Stratton*, Docket No. 00-1737 (2000), in which Watchtower emphatically defends of the importance of anonymous speech to our system of democracy.

**Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.**

Executed on:   September 28, 2020

/s/ Malcolm Seymour
Malcolm Seymour, Esq.

FG:11171865.1