UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

DMCA Section 512(h) Subpoena to
YOUTUBE (GOOGLE, INC.)

Case No. 7:18-mc-00268 (NSR)

**REPLY DECLARATION OF JOHN DOE IN SUPPORT OF
MOTION TO QUASH SUBPOENA AND PROCEED ANONYMOUSLY**

I, John Doe, under penalty of perjury declare as follows:

1. I am the YouTube user "kevin McFree." This lawsuit and this motion are about a video I posted on my YouTube channel in May of 2018, which took excerpts from a video created by the Jehovah's Witnesses Watchtower organization to criticize and make fun of the religion.

2. While I disagree with a lot of what Watchtower has written in its submissions to this court, the statement I most strongly object to is Watchtower's claim that my commentary "appears to be along the lines of simply 'watch this.'" Nothing could be further from the truth. Any viewer of mine can see that my message is to discourage and deter people from watching – or at least believing – Watchtower's publications. It should be clear to any rational person that the message of my May 2018 video was "Don't watch this!"

3. I use humour to highlight what I believe is unhealthy and damaging dogma promoted by Watchtower, through the fictional characters in Dubtown. One of these characters states in my video that he received the Watchtower video from "a good friend deep inside Bethel." This was not a confession, but rather a fictitious LEGO man telling a story.

4. Part of my reason for submitting this declaration myself is to address confusion caused by the statements in my attorney's previous declaration to the Court, which were based on information I had provided. Watchtower has called some of these statements into question.

FG:11320267.1

5.      Watchtower is correct that I did not directly obtain the Watchtower footage in my video from John Cedars' video itself.  I obtained the footage from John Cedars' production team (for higher picture quality) shortly before the release of the John Cedars video.  I assumed that the entire video I had obtained was reproduced in the Cedars Video, and considered my attorney's statements to be essentially accurate, so I did not correct this detail.  My attorney's original letter to the Court recited the correct facts (that I obtained the footage from another YouTube user), and I did not appreciate that these subtle differences would cause confusion.

6.      I now understand that twenty seconds of footage used in my video did not appear in the published John Cedars video – and I apologize to the court for this oversight.  My intention was not to misstate the facts or cause confusion.  It is still true that the John Cedars video reproduces almost the entire Watchtower video, while my video reproduces only a small portion. And it is true that I received the video footage I used from a member of his team, believing this to be the same footage used in his video, as my attorney wrote in his original letter.

7.      Watchtower claims that I took footage from four separate videos, but this is misleading.  I received only one video – Watchtower's "July 2018 Broadcast" – and used a very small portion of that video in my own work. Even if Watchtower later registered separate copyrights for different parts of its July 2018 Broadcast, the video I received, which was eventually published on Watchtower's website, is presented as just one 53-minute piece.

8.      Watchtower claims that I monetise my Youtube channel.  I do currently monetise my Youtube channel, and even said so (or my attorney said for me) in my first statement to the court.  I also said that I did not monetise the May 2018 video that this lawsuit is about, which is a correct statement.  For the period from February 21, 2018 through June 19, 2018, my channel was not monetised due to a Youtube policy that required certain minimum viewership for monetisation.

I did not meet those requirements until June 19, 2018. By the time I started monetising my channel, the May 2018 video at issue had already been taken down.

9. On page 7 of its brief, Watchtower points out that it is funded by voluntary donations, so it has to budget carefully for lawsuits. Watchtower claims my videos are "commercial" in nature because I also request voluntary donations. But just like Watchtower's videos, mine are freely available, not pay-as-you-go. Accepting donations doesn't make our videos "commercial" in nature.

10. Because it operates on donations, Watchtower says that it tries to solve copyright issues without lawsuits, "through written or oral communications with the infringer." Watchtower says many of its subpoenas were unhelpful because they identified supposed wrongdoers "outside the jurisdiction of the U.S. courts" and that Watchtower was able to deal with those people by communicating with them. As anyone can see from my Youtube videos, I am a British citizen residing in the United Kingdom. So these concerns all apply in my case.

11. I also lack the financial resources for litigation, and have only been able to argue my case thanks to the pro bono assistance of my attorney and the nonprofit that placed me with him. As was said before, I am willing to receive communications from Watchtower, including a cease and desist letter, through my attorney. Watchtower does not need to know my name to send me a letter through my lawyer, and it seems to agree that suing me would be difficult. For whatever reason, Watchtower has never tried to send me a cease and desist letter.

12. While I stand by my right to make fair use of Watchtower publications, I would consider a reasonable cease and desist request if Watchtower believed a specific video of mine had crossed a line. Watchtower says it would rather resolve copyright issues without involving the courts, and says that my case is different because I use Watchtower publications in my other

videos. Watchtower has never sent me a list of the videos it finds problematic, or told me what its problems are. I have openly invited them to send a letter to my lawyer, but they never have.

13. Given that the May 2018 video that brought about this lawsuit was removed two years ago and is still offline, and that Watchtower has never tried to send my lawyer a cease and desist to explain what else it dislikes about my channel, it is hard for me to take them at face value when they say they need my name for purposes of enforcing their copyright.

14. I thank the court for hearing my arguments and allowing me to remain anonymous so far.

**Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.**

Executed on: November 10, 2020

/s/ John Doe
John Doe